IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HARRY R. HARRIS**,

    Plaintiff,

v.                                                                    No. 12cv1046 MV/RHS

**CITY OF SANTA FE & TRANSIT SERVICES,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro se Plaintiff Harry R. Harris's application to proceed *in forma pauperis* ("IFP"), filed October 9, 2012, *see* Doc. 3; and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint is frivolous, or "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). Although it appears that Harris may financially qualify to proceed IFP, the Court will deny the application and dismiss his Complaint.

**I. Applicable legal standards.**

In screening Harris's complaint, the Court resolves the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214,

1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). In screening the Complaint, the Court will accept as true Harris's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *See id.* at 1217. But a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Further, in the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted at all. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule "demands more than an unadorned the defendant-unlawfully-harmed-me" account, *Iqbal*, 556 U.S. at 678. The Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). These, the Court stated, "will not do." *Id.* (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotation marks and bracket omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Court should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint

that are not entitled to the assumption of truth." *Id.* at 680. Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

Harris brings suit for alleged racial discrimination under Title VII of the Civil Rights Act of 1964 because the City of Santa Fe failed to rehire him as a bus driver in 2011. *See* Compl. at 1. To state a prima facie case of racial discrimination for failure to hire, a plaintiff must set out facts demonstrating that:

> (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) despite being qualified, the plaintiff was rejected; and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.

*Garrison v. Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir. 2005).

## II. Allegations in the Complaint.

Harris is "an African/Black man" who, on April 15, 2011, "reapplied for a position as a Bus Driver" for the City of Santa Fe. Compl. at 2. On May 2, 2011, the City informed him that he "was not re-hireable with the City." *Id.* "[A]pproximately four years earlier," Harris had worked as a Bus Driver for the City, but was terminated because he did not have his Commercial Driver's License. *See id.* Harris acquired the license three months after his termination. *See id.* During the time he formerly worked as a driver, the City allegedly discriminated against Harris "by letting numerous less

qualified his-panic [sic] employees surpass [him] in training." *Id.*  At that time, the City also allegedly "knew [he is] a highly qualified CPA candidate," but did not "want [him] . . . to advance in accounting work," even though, as a City employee, Harris had "priority over other accounting applicants." *Id.*  Also during his employment five years ago, Harris was allegedly "humiliated" by, and "forced to endure," repeated re-observation of routes instead of being assigned a route like "other new hires and less qualified his-panic [sic] drivers." *Id.*  In addition, his supervisor terminated him "for hitting a cone in training," but the City told the supervisor to re-hire Harris "with two weeks backpay." *Id.*  Harris complains that, during his prior employment, he "was not given an unbiased training experience and opportunity to advance within the City of Santa Fe job opportunities because he is an African/Black man." *Id.*

Harris seeks injunctive relief forcing the City to hire him as an *accountant* with seniority from January 2007 and enjoining the City from discriminating on the basis of race in their training and job-advancement opportunities; and monetary damages of $100,000 in back wages. *Id.* at 3.

## III. Analysis.

Harris has failed to state sufficient facts to state a claim for racial discrimination under Title VII due to the City's failure to rehire him in 2011.  No facts suggest that Harris was completely qualified for, and applied for, a job for which the City was seeking applicants or that the position remained open and the City continued to seek applicants from persons of Harris's qualifications after Harris was rejected.  *See Garrison*, 428 F.3d at 937.  Harris's claim based on the City's failure to re-hire him must be dismissed under § 1915(e)(2)(B)(ii).

Further, any claims for discrimination that Harris may be attempting to assert for actions occurring in 2007 are now time-barred.  Harris was required to file a charge of discrimination on those allegedly discriminatory actions "within three hundred days after the alleged unlawful

employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "The filing is a prerequisite to a civil suit under Title VII and a claim is time-barred if it is not filed within these time limits." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003).

The Court concludes that Harris has failed to state a cognizable federal claim and that his Complaint must be dismissed under § 1915(e)(2)(B)(ii) and *Trujillo*.

**NOW, THEREFORE, IT IS ORDERED** that Harris's application to proceed IFP (Doc. 3) is DENIED, and that his Complaint is dismissed without prejudice.

_____
**MARTHA VAZQUEZ**
UNITED STATES DISTRICT JUDGE